# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| CARLTON BUCKLEY | CIVIL ACTION NO. 06-0340 |
| VS. | SECTION P |
| OFFICER TAYLOR, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court are pleadings styled "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. And 2241 ... With Bond Considerations" filed on or about March 2, 2006 [doc. 1-1], "Motion for Bond Hearing and Court Approval for a Non-Processed Alien, 'Whose Due Process' is in Dispute While Forcefully Held in Detention, Tensas Parish Detention Center, Louisiana" filed on or about March 2, 2006 [doc. 2], "Motion for Court Emergency Phone Call to Compel Warden to Comply With Occupational Safety Health Agency Laws (OSHA) & Civil and Human Rights Abuses Usurped Upon Detainees" filed on or about March 30, 2006 [doc. 3], and "Amended Court Emergency Motion to Compel Detention Center [Tensas] Into Compliance with Safety Laws From O.S.H.A. & the Cessation of Human Rights & Civil Rights Abuses Pursuant to 28 U.S.C. and 2241 ...." filed on or about April 20, 2006 [doc. 4] by *pro se* petitioner Carlton Buckley. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (ICE). He is presently being detained at the Tensas Parish Detention Center (TPDC), Waterproof, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation

1

in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition for writ of *habeas corpus* [doc. 1] and Motion for Bond Hearing [doc. 2] be **DENIED** and **DISMISSED WITH PREJUDICE** and that the remaining motion and amended motion [docs. 3 and 4] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

### 1. Petition for Writ of Habeas Corpus
### Pursuant to 28 U.S.C. And 2241 ... With Bond Considerations [doc. 1]

In this pleading filed on March 2, 2006, petitioner argues that he is entitled to (a) his immediate release from custody (and an injunction barring any future "unlawful detention), or, in the alternative, (b) his release on bond, and, (c) compensatory damages based upon the BOP's violation of 8 C.F.R. 287.7(d). His claims are based upon the following allegations:

Prior to January 23, 2006, petitioner was an inmate in the custody of the Federal Bureau of Prisons (BOP). He was incarcerated at the Federal Corrections Institute, Edgefield, South Carolina (FCIE).[1] Petitioner contends that he was due to be released from BOP custody to the custody of ICE (who had previously requested a detainer[2]) at 9:00 a.m. on January 19,

---

[1] Petitioner was convicted of Conspiracy to Defraud the United States and Bank Fraud in the United States District Court for the Middle District of Florida. On June 26, 2000, he was sentenced to serve 80 months imprisonment on each charge. See *United States of America v. Carlton H. Buckley*, United States District Court, Middle District of Florida, Orlando Division, No. 6:99-cr-00218. His conviction and sentence were affirmed in an unpublished opinion of the United States Court of Appeals for the Eleventh Circuit. See *United States of America v. Carlton H. Buckley*, 29 Fed. Appx. 572 (Table) (11th Cir. 11/29/2001).

[2] As a result of his conviction, petitioner was apparently placed in removal proceedings by ICE and detained pending his removal. "Filing a detainer is an informal procedure in which ... [immigration officials] inform[] prison officials that a person is subject to deportation and requests that officials give [immigration officials] notice of the person's death, impending release, or transfer to another institution." *Giddings v. Chandler*, 979 F.2d 1104, 1105 n. 3 (5th Cir.1992).

2006. Notwithstanding the provisions of 8 C.F.R. §287.7(d)[3] petitioner was unlawfully detained for forty-five minutes beyond the limits prescribed by the federal regulation.[4]

28 U.S.C. § 2241 provides in relevant part:

> (c) The writ of *habeas corpus* shall not extend to a prisoner unless– ...
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States ...

Petitioner suggests that his present custody is the result of the BOP's and ICE's January 23, 2006, violation of 8 C.F.R. §287.7(d). He claims, "On 1-23-06, at 9:00 a.m., Buckley's release was furtively delayed. I.C.E. failed to timely arrive at 9:45 A.M. This is illegal and, furthermore, a grievous Constitutional Violation to Buckley's liberty interest... Buckley did complete sixty months and was released via good conduct time officially on 1-19-06 at 9:00 A.M., but illegally detained thus furthering his present protested TPDC [Tensas Parish Detention Center] custody. May this court correct this illegality and release Buckley by order ASAP to his community with injunction against ... ICE. " [doc. 1-1, pp. 2-3]

Petitioner prays for his immediate release from custody and an injunction prohibiting respondents from further unlawful detention. As an alternative to the *habeas corpus* relief, he requests release on bond. He also prays for monetary damages to compensate him for "excessive imprisonment ... beyond 9:00 a.m. to 9:45 a.m...." [doc. 1-1, p. 5]

---

[3] See doc. 1-1, p. 11, petitioner's Exhibit B, a copy of 8 C.F.R. §287.7(d) which provides, "Upon a determination by the Department to issue a detainer for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien for a period not to exceed 48 hours excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department."

[4] January 21, 2006 was a Saturday; January 22 was a Sunday. According to petitioner's calculations, the forty-eight hour period (exclusive of those holidays) commenced on Thursday, January 19, 2006 at 9:00 a.m. and ended on Monday, January 23, 2006 at 9:00 a.m. Petitioner was taken into ICE custody at 9:45 a.m. on January 23, 2006.

Petitioner contends that he is entitled to *habeas corpus* relief because his continued detention by the BOP for forty-five minutes on January 23, 2006, was in violation of the laws of the United States, namely 8 C.F.R. §287.7(d).  To prevail in this *habeas corpus* action, petitioner must show that his <u>present</u> custody is in violation of the Constitution or laws of the United States.  Petitioner has made no such showing because it is clear that his present custody is in no way related to the alleged violation of 8 C.F.R. §287.7.  Indeed, it appears that petitioner's present custody is not only fully authorized but mandated by the provisions of 8 U.S.C.§1226(c) which provide:

> (c) Detention of criminal aliens
>     (1) Custody
>     The Attorney General <u>shall take into custody</u> any alien who–
>         (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
>         (B) <u>is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title</u>,
>
>         (C) <u>is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year</u>, or
>
>         (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

Thus, 8 U.S.C. § 1226(c)(1), mandates detention during removal proceedings of criminal aliens, including those convicted of either aggravated felonies or crimes of moral turpitude. The bank fraud offense for which petitioner was convicted in the Middle District of Florida qualifies as an "aggravated felony" under the statute. See 8 U.S.C. § 1101(a)(43)(M)(i) (fraud or deceit in which the loss to the victim or victims exceeds $10,000 qualifies as an "aggravated felony").[5]

In *Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708 (Apr. 29, 2003), the Supreme Court held that the mandatory detention of aliens without an individualized bail hearing does not violate the Due Process Clause. A majority of the Court concluded that mandatory "detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Demore*, 123 S.Ct. at 1720. Thus, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 1721-22. Petitioner's constitutional challenges to detention pending the issuance of a final removal order are foreclosed by *Demore v. Kim,* and he is not entitled to *habeas corpus* relief.

Thus, since petitioner's present custody is pursuant to the provisions of the statute cited above, and since petitioner has neither alleged nor shown that his present custody violates the Constitution or laws of the United States, his petition for *habeas corpus* should be dismissed insofar as he seeks his immediate release from custody and an injunction prohibiting future detention.

---

[5] In his brief on appeal to the United States Eleventh Circuit Court of Appeals, petitioner admitted that the "intended" loss occasioned by his fraud and conspiracy was $78,000.00. See *United States, Appellee, v. Carlton H. Buckley*, Appellant , 2000 WL 34021633, United States Court of Appeals, Eleventh Circuit; Appellate Brief. Ultimately, that was the amount of restitution that he was ordered to repay.

5

Finally, petitioner prays for monetary damages occasioned by his alleged illegal detention. Monetary damages are unavailable in a *habeas corpus* action. See *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir.1994) (holding that a § 1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but *habeas* is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). Further, any civil rights claim based upon petitioner's alleged illegal detention at FCIE must be pursued in the United States Court for the District of South Carolina.

**It is therefore recommended that the petition for writ of *habeas corpus* be DENIED and Dismissed with Prejudice**.

**2. Motion for Bond Hearing and Court Approval for a Non-Processed Alien, "Whose Due Process" is in Dispute While Forcefully Held in Detention, Tensas Parish Detention Center, Louisiana. [doc. 2]**

In this Motion, filed on March 2, 2006, petitioner asks for a "recognizance bond." As shown above, petitioner is being detained in anticipation of removal as an aggravated felon. His current detention is mandatory and he has not shown that he is eligible for release pending removal. His "Motion for Bond Hearing ..." is without merit and should be denied.

**3. Motion for Court Emergency Phone Call ... To Compel Warden D. Dauzat to Comply with Occupational Safety Health Agency Laws (OSHA) & Civil and Human Rights Abuses Usurped Upon Detainees [doc. 3] and, Amended Court Emergency Motion to Compel Detention Center [Tensas] Into Compliance with Safety Laws from O.S.H.A. & the Cessation of Human Rights & Civil Rights Abuses Pursuant to 28 U.S.C. §2241 [doc. 4]**

On March 30, 2006, petitioner filed the Motion for Court Emergency Phone Call... complaining about the conditions of confinement at the TPDC in Waterproof, Louisiana. [doc. 3]

6

On April 20, 2006, he filed the "Amended Court Emergency Motion..." [doc. 4] in which he again complained about the conditions of confinement at TPDC. He also alleged interference with his right of access to the courts. In this "Amended Court Emergency Motion..." petitioner prayed for monetary damages in the amount of $800,000.

These complaints are not cognizable in a petition for writ of *habeas corpus*. "Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. See *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. See *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989)." *Carson v. Johnson*, 112 F.3d 818, 820. The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings: If "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release," *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996), the proper vehicle is a § 1983 suit or its federal analogue filed pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

A district court may construe a *habeas* petition attacking conditions of confinement as a civil rights action under 42 U.S.C. § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971). While his original petition [doc. 1] raised obvious and recognizable *habeas corpus* claims, the claims raised in these two motions are clearly civil rights claims. Under certain circumstances, a district court may construe a *habeas* petition attacking conditions of confinement as a civil rights action under 42 U.S.C. § 1983 or *Bivens*. See *Wilwording v.*

7

*Swenson*, 404 U.S. 249, 251, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971).

Petitioner was allowed to file his *habeas corpus* petition upon payment of the $5.00 filing fee. However, the filing fee for a civil rights complaint (whether filed pursuant to 42 U.S.C. §1983 or *Bivens*) is $250. Further, petitioner should be required to use the forms prescribed for *pro se* civil rights claims in this district.

Dismissal of these "motions" is therefore appropriate; however, the dismissal should be without prejudice to petitioner's right to re-file his civil rights complaints on the appropriate forms and payment of the appropriate filing fee. (Of course, if petitioner is unable to pay the filing fee, he may request *in forma pauperis* status.)

### 4. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that the "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. and 2241 ... With Bond Considerations" [doc. 1] and, the "Motion for Bond Hearing and Court Approval for a Non-Process Alien, 'Whose Due Process' is in Dispute While Forcefully Held in Detention, Tensas Parish Detention Center, Louisiana" [doc. 2] be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state claims for which relief may be granted; and,

**IT IS FURTHER RECOMMENDED** that the "Motion for Court Emergency Phone Call to Compel Warden D. Dauzat to Comply with Occupational Safety Health Agency Laws (OSHA) & Civil and Human Rights Abuses Usurped Upon Detainee" [doc. 3] and "Amended Court Emergency Motion to Compel Detention Center [Tensas] Into Compliance with Safety Laws From O.S.H.A. & the Cessation of Human Rights & Civil Rights Abuses Pursuant to 28

U.S.C. and 2241 ..." [doc. 4] be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to petitioner's right to re-file his complaints on the appropriate forms and to pay the appropriate filing fees or seek *in forma pauperis* status.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 2nd day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE